UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


UNITED STATES OF AMERICA     :

     :

     v.     :     1:12-MJ-364PAS

     :

SHAUN FAWSTER     :

## MEMORANDUM AND ORDER

## INTRODUCTION

On December 14, 2012, Defendant Shaun Fawster was arrested and charged by a criminal Complaint with pulling fire alarms on six consecutive floors of the U.S. Veterans Administration Medical Center in Providence, Rhode Island.  The Complaint charges Defendant under 18 U.S.C. § 13, a provision that adopts the law of the State, here § 11-44-21 of the Rhode Island General Laws, which criminalizes the "giving of a false alarm of fire."  This offense is subject to punishment by imprisonment for up to one year, in addition to other penalties.  R.I. Gen. Laws § 11-44-21.  As a result of the potential penalty, the Complaint charged Defendant with an offense that is federally classified as a Class A misdemeanor.  18 U.S.C. § 3559(a)(6).

Defendant's initial appearance was conducted on the same day as his arrest.  He was informed of his rights and the pending charge; counsel was appointed to represent him.  He was detained temporarily pending a detention hearing, which was held three days later.  As a result of the detention hearing, he was released with conditions, including travel restrictions, a curfew and GPS monitoring.  Almost three months later, on March 21, 2013, his conditions of release were modified by the elimination of GPS monitoring and the curfew; all other conditions of release remained in effect, including the travel restrictions and the loss of access to his passport and other personal items seized at the time of his arrest.

On March 21, 2013, the Court conducted a status conference following which the parties agreed to consider the possibility of alternative resolution.  As a result, on March 25, 2013, the Court granted Defendant's motion to continue empanelment and to extend the time for the filing of pretrial motions for a period of thirty days while the parties discussed alternative resolution. On May 14, 2013, the government referred Defendant, with the consent of his counsel, to the Pretrial Diversion Program.  However, the program did not accept him.

Throughout the pendency of the Complaint, Defendant has consistently been clear that he intends to assert his right to trial by jury because, despite his admission during his initial appearance that he pulled the fire alarms, he expects to be exonerated based on his lack of the requisite intent to give "a false alarm."  Further, Defendant has persistently asserted his intent to exercise his right to trial before an Article III district judge.  See 18 U.S.C. § 3401(b) (person charged with a misdemeanor other than a petty offense may elect to have a trial by jury before a district judge); 28 U.S.C. § 636(a)(5) (magistrate judge may enter sentence in Class A misdemeanor case only if parties consent).

The case continued to drift until June 26, 2013, when this Court ordered the parties to show cause why the Complaint should not be dismissed, with or without prejudice, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, based on the government's failure to file an indictment or information within thirty days of Defendant's arrest on these charges.  See Fed. R. Crim. P. 48(b)(1-2) (court may dismiss complaint if unnecessary delay in bringing indictment or information); United States v. Jarzembowski, No. 07-122, 2007 WL 2407275, at *1 (W.D. Pa. Aug. 20, 2007) (court issued order to show cause why the case should not be dismissed for failure to comply with Speedy Trial Act); United States v. Trybus, No. 05-MJ-2161, 2006 WL

1763672, at *1 (W.D.N.Y. June 23, 2006) (same); United States v. Green, 582 F. Supp. 265, 265 (D. Colo. 1984) (same).

## LEGAL DISCUSSION

The Speedy Trial Act applies to any case involving a defendant charged with an "offense," 18 U.S.C. § 3161(a), which includes not only felonies, but also Class A misdemeanors.  18 U.S.C. § 3172(2); United States v. Morales-Montes, No. 12-639-M, 2012 WL 2835837, at *3 (D.P.R. July 9, 2012) (citing United States v. Boyd, 214 F.3d 1052, 1055 (9th Cir. 2000)).  The Speedy Trial Act gives effect to the provision in the Sixth Amendment to the Constitution, which guarantees that "the accused shall enjoy the right to a speedy and public trial." United States v. Lee, 575 F.2d 1184, 1185 (6th Cir. 1978).  It creates specific time limits to ensure the implementation of the constitutional right to a speedy trial.  United States v. Pollock, 726 F.2d 1456, 1459-60 (9th Cir. 1984).  Violation of the time limits in the Speedy Trial Act requires this Court to dismiss the Complaint.  See United States v. Huete-Sandoval, 668 F.3d 1, 3 (1st Cir. 2011).

The Speedy Trial Act requires that an indictment or information must be filed within thirty days from the date when an individual was arrested.  18 U.S.C. § 3161(b).  It further mandates that trial shall commence within seventy days of the filing date (and making public) of the information or indictment, or from the date on which the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date occurs last.  Id. § 3161(c)(1).[1]  Here Defendant was arrested and charged with a Class A misdemeanor on December 14, 2012; therefore, the Speedy Trial Act required the government to file either an

---

[1] The Speedy Trial Act specifies that a defendant who has consented in writing to be tried before a magistrate judge on a complaint shall be tried within seventy days from the date of consent.  18 U.S.C. § 3161(c)(1).  This provision is not applicable to Defendant because he never consented to be tried before a magistrate judge.  Indeed, to the contrary, his counsel consistently insisted that he wished to assert his right to trial by jury before a district judge.

information or indictment within thirty days, by January 14, 2013.  Defendant did not waive his

right to a speedy trial.  By the time he requested and received a thirty-day delay of trial by

motion filed on March 22, 2013, the deadline for the filing of an indictment or information had

already long since passed.  Indeed, as of the date of the hearing on the Court's order to show

cause (August 6, 2013), nothing has happened to move this case closer to trial.[2]

       The sanction of dismissal is mandatory when the government fails to indict within the

period specified in the Speedy Trial Act.  Pollock, 726 F.2d at 1462 (felony counts not covered

by timely indictment dismissed).  While there are few cases directly addressing the issue when

the offense is a Class A misdemeanor, those courts that have considered the question have

uniformly concluded that a complaint charging a Class A misdemeanor must be dismissed if

there is a Speedy Trial violation.  See, e.g., Morales-Montes, 2012 WL 2835837, at *3

(complaint charging Class A misdemeanor dismissed because of failure to indict or file

information within thirty days); United States v. Nash, No. 2:08-mj-00678-RJJ-RJJ, 2010 WL

702438, at *2 n.5 (D. Nev. Feb. 19, 2010) (violation of Speedy Trial Act because of failure to

file information or indictment within thirty days of service of summons in connection with Class

A misdemeanor mandates dismissal despite minor delay of only eight days); United States v.

Troy, 564 F. Supp. 2d 42, 45-47 (D. Me. 2008) (Class A misdemeanor is covered by Speedy

Trial Act; motion to dismiss denied because delay was due to defendant's motions to continue

trial, which time is excludable); United States v. Seitles, No. 2:04-CV-408KJD-PAL, 2006 WL

1367374, at *1 (D. Nev. May 12, 2006) (Class A misdemeanor complaint dismissed based on

Speedy Trial Act because government failed to file indictment or information within thirty days

of when defendant charged); cf. Boyd, 214 F.3d at 1057 (when criminal charge is initiated by

---

[2] Because Defendant was never indicted, he was never asked to plead to the charge, a district judge was never assigned to his case and no pretrial order was entered.

arrest and complaint, Speedy Trial Act applies and dismissal is mandatory; however, the
issuance of a violation notice for a petty offense does not trigger the time limits in the Speedy
Trial Act).

The government argues that Fed. R. Crim. P. 58, which allows a Class A misdemeanor to
be charged by complaint, indictment or information, trumps the Speedy Trial Act in that the Rule
makes clear that a complaint alone is sufficient as a charging document.  Accordingly, the
government contends, the Speedy Trial Act's requirement of the filing of an information or
indictment within thirty days of arrest is inconsistent with Fed. R. Crim. P. 58.  The government
relies on the language in the Rules Enabling Act providing that "[a]ll laws in conflict with such
rules [including Rule 58] shall be of no further force or effect after such rules have taken effect,"
so that the rules must be afforded the weight of a statute.  28 U.S.C. § 2072(b); see In re Grand
Jury Proceedings, 616 F.3d 1186, 1196 (10th Cir. 2010).  Because the Speedy Trial Act conflicts
with the later-adopted Fed. R. Crim. P. 58,[3] the government argues, the adoption of Fed. R.
Crim. P. 58 impliedly repealed the Speedy Trial Act protections for defendants charged with
Class A misdemeanors when the charging document is a complaint.  The government brushes
aside the preceding sentence of the Rules Enabling Act, which states that "[s]uch rules shall not
abridge, enlarge, or modify a substantive right," arguing that the issue here is merely the
procedural matter of what document is used to charge.  See 28 U.S.C. § 2072(b).

The same argument was squarely rejected by the court in Morales-Montes, which pointed
out that there is no inconsistency between Fed. R. Crim. P. 58 and the Speedy Trial Act:

> Nothing under Rule 58, however, hinders a trial and/or plea on a complaint or
> violation notice to take place within the first thirty days from the filing of the
> complaint or notice, that is, well before the speedy trial provisions would apply.
> Upon thirty days having transpired from the filing of the complaint without an

[3] Fed. R. Crim. P. 58 was adopted in 1990.  Fed. R. Crim. P. 58 advisory committee's notes at 226 (2013 ed.).  The
Speed Trial Act was enacted in 1975.  Pub. L. No. 93-619, 88 Stat. 2076 (1975).

5

> information or indictment being filed, and absent waiver from defendant, the
> provision of speedy trial kicks in and charges may be dismissed, with or without
> prejudice.

2012 WL 2835837, at *3.  It is beyond cavil that the rights established by the Speedy Trial Act

are not merely procedural, but are substantive, so that an inconsistent procedural rule cannot

abrogate its time constraints.  See United States v. Daychild, 357 F.3d 1082, 1092 n.13 (9th Cir.

2004) (imposing limiting construction on Rule 45 to avoid altering substantive Speedy Trial Act

rights).  The practical effect of the Government's argument – that the charging of a Class A

misdemeanor by complaint permits the circumvention of the Speedy Trial Act – reveals its

fallacy: Fed. R. Crim. P. 58 cannot abridge or modify the substantive rights created by the

Speedy Trial Act.  Because Defendant was not charged by an indictment or information within

thirty days of his arrest, this Complaint must be dismissed.

The remaining question is whether the dismissal should be with or without prejudice.  In

making this determination, the Court must consider three factors:

> (1) the seriousness of the offense;
>
> (2) the facts and circumstances of the case which led to the dismissal; and
>
> (3) the impact of a reprosecution on the administration of the Speedy Trial Act
> and on the administration of justice.

18 U.S.C. § 3162(a)(1).  The choice of whether to dismiss with or without prejudice depends on

a careful application of the statutorily enumerated factors to the particular case; "there is no

presumption in favor of either sanction."  United States v. Clymer, 25 F.3d 824, 831 (9th Cir.

1994) (citation omitted); see Huete-Sandoval, 668 F.3d at 7 & n.9.

The lack of seriousness of Defendant's offense augers in favor of dismissal with

prejudice.  Class A misdemeanors "constitute some of the least serious offenses prosecuted in the

federal court."  Nash, 2010 WL 702438, at *2.  Moreover, they are the least serious category of

criminal activity to which the Speedy Trial Act applies.  Id.; see United States v. Montecalvo, 861 F. Supp. 2d 110, 115 (E.D.N.Y. 2012) (majority of courts to assess seriousness in determining whether to dismiss with or without prejudice have found that misdemeanor is not serious).  While the government correctly points out that the pulling of fire alarms in a hospital can have a serious adverse impact on the operation of the facility, it remains a Class A misdemeanor and therefore a nonserious offense.  This factor weighs in favor of dismissal with prejudice.  See Nash, 2010 WL 702438, at *2.

The second factor – the facts and circumstances leading to the dismissal – yields a mixed result.  On one hand, this is not a circumstance where there is evidence of any blameworthy delay by the government, never mind a "culture of noncompliance" as was condemned by the court in Nash, 2010 WL 702438, at *3.  Nor is there any suggestion of dilatory conduct by Defendant.[4]  Rather, this failure to consider the Speedy Trial Act's impact on Defendant was the result of inadvertence arising from the unusual circumstance of a Class A misdemeanor charged by complaint from the outset of the proceeding.

On the other hand, while the Complaint has been pending, Defendant was detained for three days, spent four months on GPS monitoring and almost nine months subject to supervision by Pretrial Services, with restrictions on his ability to travel and loss of access to his passport and personal possessions.  These consequences, exacerbated by the delay, have resulted in an adverse impact on Defendant that likely exceeds the consequences that would have been imposed had this matter proceeded to trial and a verdict of guilty been rendered.  Such adverse impact is a

---

[4] Defendant's failure to raise the Speedy Trial Act violation is beside the point.  He should not be charged with ensuring this Court's compliance with the Act's requirements.  Huete-Sandoval, 668 F.3d at 6; see United States v. Breen, 243 F.3d 591, 596 (2d Cir. 2001) ("Nor do we suggest that [the defendant] waived his speedy trial claims since he had no obligation to take affirmative steps to [e]nsure that [he] would be tried in a timely manner.") (internal quotation marks omitted); United States v. Bivens, 82 F.3d 419, 1996 WL 166747, at *2 (6th Cir. Apr. 9, 1996) (unpublished table decision) ("Although the delay was certainly not intentional on the part of the court or either of the parties, it is not the defendant's burden to remind the court to comply with the Speedy Trial Act.").

factor tipping in favor of dismissal with prejudice.  "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty . . . whether he is free on bail or not, [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."  United States v. Taylor, 487 U.S. 326, 340 (1988) (internal citations and quotations omitted); see Montecalvo, 861 F. Supp. 2d at 120. When the delay leaves the defendant in the disadvantageous position of charged but untried for an extended period, the circumstances tip toward dismissal with prejudice.  United States v. Giambrone, 920 F.2d 176, 182 (2d Cir. 1990) (where defendant indicted but untried for more than a year, dismissal with prejudice affirmed).

The final factor is the impact of reprosecution on the administration of the statute and the administration of justice.  Here, the government concedes that the cost of reprosecution of Defendant, including a jury trial before the district court, which Defendant has consistently insisted upon as his right, is entirely disproportionate to the judicial goal of deterring this Defendant, who has already been detained and subjected to significant limitations on his freedom as a result of the pendency of the charge.  Indeed, this is a case where the adverse impact on the Defendant caused by the pendency of the charge is likely a sufficient deterrent.  This may be one case where the hackneyed phrase – "he has been punished enough" – rings true.  Accordingly, the administration of the statute and of justice are better served by dismissal with prejudice.

In light of these considerations, the Court finds that dismissal with prejudice is warranted.

## **CONCLUSION**

For all of the foregoing reasons, it is hereby ordered that the Complaint in this matter is dismissed with prejudice.

8

ENTER:

/s/ Patricia A. Sullivan_____
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 9, 2013